**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-4740**

───────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

RAYMOND EMMET BROWN,

            Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (4:08-cr-00015-F-1)

───────────

Submitted: September 13, 2011      Decided: October 18, 2011

───────────

Before GREGORY and DAVIS, Circuit Judges, and Damon J. KEITH, Senior Circuit Judge of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

───────────

Affirmed by unpublished per curiam opinion.

───────────

R. Clarke Speaks, SPEAKS LAW FIRM, PC, Wilmington, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raymond Emmet Brown pleaded guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a) (2006), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006). The district court sentenced Brown to life imprisonment plus sixty years, to be served consecutively. His appellate attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred in denying Brown's motion to withdraw his guilty plea. Brown has filed a pro se brief and two supplements to his brief raising additional issues. Finding no error, we affirm.

This Court reviews a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007) (citation omitted). A defendant seeking to withdraw his guilty plea bears the burden of demonstrating that withdrawal should be granted. Id. (citation omitted). In deciding whether to permit a defendant to withdraw his guilty plea, a district court should consider:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will

2

cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000) (citation omitted). We have thoroughly reviewed the record and conclude that the district court did not abuse its discretion in denying Brown's motion to withdraw his guilty plea.

In addition to the issue raised by counsel, we have considered the issues Brown raised in his pro se brief and supplements to that brief, and we conclude they lack merit. Further, we have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED